UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER KLEIN,<br><br>                Plaintiff,<br><br>-against-<br><br>AT&T CORP.,<br><br>                Defendant. | 23-CV-11038 (DEH) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 11, 2024, Defendant AT&T Mobility, LLC, identified as AT&T Corp. in this action ("Defendant"), filed a letter request asking the Court to "stay any additional proceedings and/or motion practice until after the Motion to Enforce Settlement is decided." (ECF 26, Letter.) The scope of the requested stay is unclear, but this request falls within the scope of the referral to me for general pretrial supervision. I held a status conference with the parties on April 19, 2024, to discuss this issue. Plaintiff Jennifer Klein ("Plaintiff") took the position that a stay would unfairly delay and complicate resolution of her claims against Defendant.

The Court has discretion that is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'" to grant a stay of proceedings. *Makhnevich v. Arrowood Indem. Co.*, No. 23-CV-1559 (JMF) (VF), 2024 WL 1020577, at *1 (S.D.N.Y. Mar. 8, 2024) (quoting *UnitedHealthcare Ins. Co. v. Regeneron Pharms., Inc.*, No. 20-CV-10664 (VB), 2021 WL 6137097, at *2 (S.D.N.Y. Dec. 29, 2021); *see also Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991) (explaining that the decision whether to grant a stay is left to the court's discretion). "In deciding whether a stay is appropriate, courts . . . typically consider five factors: (1) the private

interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621-22 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). Defendant bears the burden of showing that a stay is warranted. *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). Defendant's "peremptory letter[ ] seeking a stay did little or nothing to carry that burden." *Makhnevich,* 2024 WL 1020577, at *1.

Defendant merely stated that there are currently two dispositive motions pending before the Court, and that "AT&T maintains that this underlying lawsuit has already been settled as the parties agreed to all material settlement terms, notwithstanding Plaintiff's later change of heart." (ECF 26, Letter.) With regard to Defendant's motion to enforce a settlement agreement (ECF 18, 19), Plaintiff disputes that there ever was such an agreement, which raises issues for granting the motion to enforce without discovery and therefore cuts against a stay. Nevertheless, at the conference, Defendant focused on its motion to compel arbitration (ECF 9, 10). I have reviewed that motion, and it "do[es] not appear to be without foundation in law." *In re Currency Conversion Fee Antitrust Litigation,* No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (*quoting Chrysler Capital Corp. v. Century Power Corp.,* 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

As a result, I believe that Plaintiff's interest in proceeding quickly and the prejudice to her of delay are outweighed by Defendant's interest in not being obligated to litigate in this forum when it is possible that the matter will be sent to arbitration and the interest of courts in

not expending resources on matters that may belong in a different forum. Defendant's application for a stay of proceedings is GRANTED.

DATED: April 24, 2024
         New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge