UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer Klein, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> AT&T Corp., <br><br> Defendant. | 23-CV-11038 (DEH)(RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The Court received an undocketed communication from Plaintiff Jennifer Klein, which is attached as Exhibit A to this Order. Plaintiff, who is proceeding as pro se, is reminded that all communications with the Court must be filed on the docket, even if opposing counsel are copied on the message.

DATED:  June 5, 2024
            New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge

**EXHIBIT A**

| | |
|---|---|
| **From:** | Jennifer Klein |
| **To:** | Pro Se Filing |
| **Cc:** | Tarnofsky NYSD Chambers; Anne Zeng-Huang; Jay I. Brody; Allison L. Cannizaro |
| **Subject:** | Case #1-23-cv-11038 - Urgent: Request to Expedite Case Due to AT&T Overwhelming the Court to Unjustly Delay Resolution |
| **Date:** | Wednesday, June 5, 2024 2:39:26 PM |

**CAUTION - EXTERNAL:**

Dear Judge Tarnofsky,

I am writing to address significant concerns regarding expediting the proceedings in my case against AT&T. AT&T has admitted guilt to violating the Fair Credit Reporting Act (FCRA) by removing the incorrect bad debt from my credit report in January 2023. This admission fundamentally impacts the core issues of our case.

Given this context, it is unfair for me to continue suffering delays since November 2023 in federal court if the case is ultimately to be moved to arbitration. The continuous procedural maneuvers by AT&T, including their request to enforce an unjust and never agreed upon settlement and opposition to amending the complaint, have only served to complicate and prolong the resolution of my claims. This has imposed significant personal and financial strain on me.

Furthermore, AT&T's approach in these filings has been notably contradictory. They initially moved the case from state court to federal court, indicating a preference for this forum. This strategic choice should be recognized as a tacit acceptance that this court is the appropriate venue for resolving our disputes, which contradicts their current efforts to compel arbitration.

On one hand, AT&T has broken its four-month-long promise to support my motion to amend the complaint to rightfully include my husband's continued participation in discussions before the court. They have duplicitously gagged him during conferences with Your Honor. On the other hand, they have exploited these negotiations with him to argue that they were negotiating in good faith. This dual stance highlights a significant failure on their part to engage in straightforward and equitable legal practices.

These actions demonstrate a concerning pattern of behavior by AT&T, where they have not only failed to negotiate in good faith but have also attempted to manipulate delays in the legal process to their advantage, disregarding the ethical obligations owed to the court and to me as a party in this dispute.

*** I respectfully urge the court to consider these factors and to recognize the adversarial tactics employed by AT&T, which are aimed more at overwhelming the proceedings than achieving a fair and just resolution. It is imperative that the motions to enforce the settlement and amend the complaint be resolved to streamline the case before considering any move to arbitration. Or, if your honor wishes to not rule on AT&T's motions to simply move the case to arbitration.

Thank you for your attention to these matters. I trust that the Court will find this information pertinent to the ongoing motions and appreciate your consideration of these matters in your deliberations.

Sincerely,

/s/ Jennifer Klein

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.